**Earl Clete KING, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25646.**

United States Court of Appeals Fifth Circuit.

Oct. 10, 1968.

Rehearing Denied Jan. 6, 1968.

Earl Clete King, pro se.

R. Macey Taylor, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES, WISDOM and SIMPSON, Circuit Judges.

PER CURIAM:

This is a direct appeal from the appellant's conviction by a jury following not guilty pleas to (1) conspiracy to transport stolen motor vehicles in interstate commerce in violation of Title 18, U.S.C., Section 371, (2) two substantive counts of interstate transportation of stolen motor vehicles in violation of Title 18, U.S.C., Section 2312, and (3) two substantive counts of receiving and concealing stolen motor vehicles moved in interstate commerce in violation of Title 18, U.S.C., Section 2313. He was sentenced to concurrent terms of three years imprisonment on counts One through Four, and three years probation thereafter on count Five. Motion for a new trial was denied and sentence imposed January 4, 1968, and notice of appeal was timely filed, with leave granted to appeal in forma pauperis. The record, including the trial transcript, was filed in this Court March 22, 1968, which was within the time for docketing the appeal granted by the trial court. Since March 22 no further action has been taken by the appellant to prosecute his appeal. (See Local Rule 9(c) 2.)

Appellant waived counsel below and conducted his own defense. An indication of the points which he might have raised on appeal may be found in his motion for new trial in the district court. Substantially these were that the verdict was contrary to the evidence, contrary to law, that there was a variance between the offense charged and the evidence produced by the government, and that the defendant had discovered new evidence since the trial. As to the allegation of newly discovered evidence, the motion gave no indication of the nature thereof, and no such indication appears elsewhere in the record. No meaningful review of this ground of the motion is therefore possible. As to the oth-

er grounds of error urged by the motion for new trial, a study of the trial transcript convinces us that the verdict was not contrary to the evidence or the law and that the court did not err in any of the other particulars asserted.

Since the appellant has now been in default for about four months with respect to the prosecution of this appeal, and since we conclude that the appeal is entirely without merit, the judgment of the court below is summarily

Affirmed.

RIVES, Circuit Judge (dissenting):

The record does not disclose that, on appeal, counsel was *separately* waived by appellant. I would continue the case and call on the appellant as to whether he desired appointment of counsel *on appeal*. I, therefore, respectfully dissent from the judgment of affirmance.

## ON PETITION FOR REHEARING

Failing to understand that our function as an appellate court is to review what has taken place in the District Court, King has petitioned for rehearing so that he may present evidence to us. This of course is impossible.

The petition for rehearing is ordered denied.